Suntharalinkam v. Gonzales, No. 04-70258

**KOZINSKI**, Circuit Judge, dissenting:

In their joint motion to file supplemental briefing, the parties agreed to abide by Fed. R. App. P. 32, which, among other things, limits the length of briefs to 14,000 words. Fed. R. App. P. 32(a)(7)(B)(i). Petitioner now seeks leave to file an oversized brief because "[t]here are a number of issues involved in this case," which pretty much describes most of our cases. Petitioner offers no other reason.

The case for extra pages is particularly weak here because petitioner has already filed a 24-page principal brief and a 9-page reply brief. Two amicus briefs have also been filed in support of petitioner, adding another 33 pages to his side of the argument. The government's brief, which defends the same territory, came in at 12,242 words.

I find it vexing that petitioner did not file his motion in time so we could rule on it without disrupting the briefing schedule. Instead, he sent in a non-conforming brief the day after it was due, then waited three weeks to file the motion for leave to file the fat brief. Such tactics force us and opposing counsel to choose between consenting to the filing of a non-conforming brief and disrupting the briefing schedule. I don't believe we should reward such cavalier behavior on counsel's part. I would therefore deny the motion and give petitioner 5 days to file

a substitute brief conforming to Fed. R. App. P. 32. This would still leave about a month before oral argument for us to read the revised brief.

Not only do we abet the flouting of our rules, which must be discomfiting to those lawyers who abide by them, we also do a disservice to the litigants. <u>See</u> Ruggero J. Aldisert, <u>Winning on Appeal: Better Briefs and Oral Argument</u> 231 (2d ed. 2003) ("All the judges quoted in this book have one bit of advice in common: emphasize the muscle of your brief and cut out the flab."); <u>see also</u> <u>id.</u> at 234 ("The poorest, least persuasive briefs are all too often those that the lawyer has not taken the time to reduce to its essence." (quoting Chief Judge John M. Walker, Jr.)). Here, tightening up petitioner's brief to conform to our rules would not only help conserve judicial resources and promote respect for our rules, it would better serve the client.